IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SHAWNEE L. SMITH, | Case No. 3:13-cv-01307-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| CAROLYN W. COLVIN,<br>Commissioner of Social<br>Security, | |
| Defendant. | |

Sara L. Gabin
Sara L. Gabin, P.C.
14523 Westlake Drive
Lake Oswego, OR 97035-7700
    Attorney for plaintiff

S. Amanda Marshall
United States Attorney
Ronald K. Silver
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97201

John C. Lamont
Special Assistant United States Attorney
Social Security Administration
701 Fifth Ave., Suite 2900 M/S 221A
Seattle, WA 98104-7075
    Attorneys for defendant

1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff brings this action pursuant to the Social Security Act (Act) to obtain judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying her application for Social Security disability insurance benefits (DIB) and supplemental security income (SSI) under the Act. The Commissioner's decision is affirmed and this case is dismissed.

## DISCUSSION

Plaintiff argues that the Administrative Law Judge (ALJ) erred by failing to: 1) provide clear and convincing reasons for finding her not credible; 2) give controlling weight to the opinions of her examining doctor and nurse practitioner; and 3) adequately consider the lay evidence.[1] The Court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and

---

[1] Also, in seeking review in this Court, plaintiff attempts to amend her disability onset date to from August 23, 2005 to November 30, 2010, when "the medical record . . . reflects more accurately she lost her ability to work." Pl.'s Br. 1-2. Because plaintiff's revised disability date was not before the ALJ, nor the Appeals Council, this Court declines plaintiff's request to amend the disability date post hoc. Regardless, I find no reversible error by the ALJ, rendering plaintiff's amended onset date moot.

2 - OPINION AND ORDER

internal quotations omitted). In reviewing plaintiff's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." <u>Martinez v. Heckler</u>, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005).

I. <u>Plaintiff's Credibility</u>

Plaintiff argues that the ALJ failed to provide clear and convincing reasons for finding her not credible. Pl.'s Br. 10. Plaintiff stated she can walk only fifty feet before stopping, stand for less than ten minutes, lift no more than five pounds, and has difficulty using her hands. Tr. 43-47, 238. Plaintiff attributes her disability to right leg instability and chronic leg, hip, pelvic, and back pain, which she maintains is consistent with progressive osteoarthritis. Tr. 218, 233-34, 238, 272, 284-85, 290, 294-95, 374. Plaintiff claims she stopped working due to her physical limitations and also "to drive [her] husband around because he had lost his driver's license." Tr. 218, 284-85, 290.

The ALJ found plaintiff's statements regarding the extent of her limitations not credible due to inconsistencies between the physical limitations she reported and her daily activities, as well as inconsistencies between her reported daily doses of pain medication and the record. Tr. 26-29. Specifically, at the

3 - OPINION AND ORDER

hearing, plaintiff reported having pain so severe that she took oxycodone every morning and took additional doses throughout the day, after which, she waits fifteen minutes "until [she] can move again." Tr. 44, 48. However, the ALJ pointed to the progress notes of Ms. Degan, FNP, which revealed that plaintiff took only sixty tablets over a six-month period, or approximately one tablet every three days. Tr. 29, 360.

The ALJ also noted that plaintiff's "activities of daily living are wide." Tr. 29. The record indicates that during the disability period, plaintiff was able to prepare "home cooked, from scratch" meals daily, in thirty minutes to an hour. Tr. 235. The record also indicates that plaintiff was able to go outside "all the time with [her] dogs [and] drive places [to] see kids and grand kids," shop for food and household products monthly for an hour and a half, camp, read, and regularly visit the library, bookstore, and coffee shop. Tr. 25-26, 29, 235-37, 243-44. Further, the record indicates that plaintiff was able to perform household chores, such as "vacuuming, doing dishes, dusting, sweeping, doing laundry, watering plants, and tend[ing] [to her] small garden" daily. Id. Further, plaintiff admits that "[a] comprehensive look at the record shows that between November 2010 and April 2012, [she] did perform all of these activities to some degree save camping." Pl.'s Br. 12-13.

When a claimant has medically documented impairments that

4 - OPINION AND ORDER

could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted).

The ALJ may consider ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid. Smolen, 80 F.3d at 1284. The ALJ may also consider the claimant's daily activities, work record, and the observations of physicians and third parties with personal knowledge of the claimant's functional limitations. Id. Finally, if the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted).

Here, the record reveals that plaintiff's statements regarding medication dosage to control her pain are inconsistent with the medical records. Specifically, plaintiff testified to taking

5 - OPINION AND ORDER

oxycodone every morning and additional doses throughout the day to control her pain and enable her to move, while the record reveals that she took only an average of one pill every three days.

The record also reveals that the limitations plaintiff reported are not consistent with her daily activities. Specifically, plaintiff claimed she could stand for less then ten minutes, walk only fifty feet, and had difficulty using her hands. However, the record indicates that she cooked scratch meals that took thirty minutes to an hour to prepare and grocery shopped for up to an hour and a half monthly during the disability period. Plaintiff also admits to leaving the workforce, in part, so she could drive her husband around after he lost his license.

For the foregoing reasons, the ALJ's decision to discount plaintiff's testimony is supported by substantial evidence in the record. As such, this Court will not disturb the ALJ's adverse credibility finding.

II. <u>Weight Given to the Opinions of Dr. Selinger and Ms. Degan</u>

Plaintiff argues that the ALJ improperly ignored the examination findings of Dr. Selinger, MD. and Moniquea Degan, FNP. Pl.'s Br. 10, 13-14. Plaintiff also argues that the ALJ was "altogether silent on what records or other materials the doctor reviewed" and as such, this Court cannot consider Dr. Selinger's failure to review plaintiff's medical records as a reason to uphold the ALJ's decision to reject Dr. Selinger's opinion. Pl.'s Reply

6 - OPINION AND ORDER

Br. 7.

Dr. Selinger found that plaintiff walked with difficulty and with an antalgic gait, had a right bursa deformity, tenderness along the spine, bilateral knee crepitus, and tenderness to palpation of the hips bilaterally. Tr. 291-92. Despite Dr. Selinger's notes, which indicated that "[n]o outside records were available for review," he concluded that plaintiff's reported "[s]evere bilateral hip, spine, and knee pain seems compatible with progressive osteoarthritis" and opined that plaintiff is unable to walk two of eight hours or sit for more than four of eight hours. Tr. 290, 294-95.

The ALJ evaluated Dr. Selinger's opinion and held that it was entitled to only "some weight" because it "appear[s] to be based on the report of the claimant and not on any clinical findings or objective medical evidence." Tr. 28. The ALJ noted that in contrast to Dr. Selinger's opinion, objective medical evidence, such as X-rays taken of plaintiff in August 2010, revealed that she had preserved disc spaces, mild lumbar degenerative changes, a healed pelvic fracture, normal hip joints, and a "normal" right knee. Tr. 24, 27, 287-89. Further, upon subsequent review of the X-rays, Drs. Lahr and Alley opined that plaintiff's impairments could not reasonably be expected to cause the limitations Dr. Selinger endorsed. Tr. 79, 98-100. Specifically, Dr. Alley opined that Dr. Selinger's "opinion relies heavily on the subjective

7 - OPINION AND ORDER

report of symptoms provided by the individual, and the totality of the evidence does not support the opinion." Tr. 100.

To reject an uncontradicted opinion of an examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). If contradicted, the ALJ may reject the opinion with specific and legitimate reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing Lester, 81 F.3d at 830-31). Moreover, a "physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of [her] symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.'" Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999) (quoting Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989)).

Here, the record reveals that Dr. Selinger's opinion was based largely on plaintiff's subjective complaints, which the ALJ found to be not credible, as well as on a conclusion that plaintiff suffered from progressive osteoarthritis, an opinion that was inconsistent with later imaging studies. Moreover, Drs. Lahr and Alley's opinions directly contradicted Dr. Selinger's opinion. The record also indicates that on May 27, 2011, Ms. Degan opted to "hold [plaintiff's] disability paperwork until after the MRI and PT evaluation." Tr. 369. The MRI results came back normal. Tr. 348. However, Ms. Degan did not mention this objective evidence in her

8 - OPINION AND ORDER

analysis and instead, relied largely on plaintiff's reported pain levels. Tr. 374-77.

Because the ALJ pointed to specific and legitimate evidence in the record contradicting Dr. Selinger's opinion, as well as reliance on plaintiff's subjective complaints that he found not credible, this Court finds that the ALJ did not err in rejecting Dr. Selinger's opinion.

With respect to Ms. Degan, a nurse practitioner, she is not considered a medical source. 20 C.F.R. §§ 404.1513(a); 416.913(a). Further, plaintiff did not submit Ms. Degan's report to the Appeals Council until June 2012, nearly two months after the ALJ's April 23, 2012 decision. Tr. 4, 31, 35, 374-81. Thus, the ALJ did not err by failing to consider it.

"When the Appeals Council considers new evidence in denying a claimant's request for review, the reviewing court considers both the ALJ's decision and the additional evidence submitted to the Council." Harman v. Apfel, 211 F.3d 1028, 1030 (9th Cir. 2007). The court then considers whether the post-decision evidence undermines or further supports the ALJ's decision. Brewes v. Comm'r Soc. Sec. Admin., 682 F.3d 1157, 1163 (9th Cir. 2012).

Here, Ms. Degan's report did not reference the normal MRI results and relied instead on plaintiff's reported pain levels that the ALJ found to be not credible. Therefore, this Court finds that Ms. Degan's opinion does not undermine the ALJ's decision.

III. <u>Consideration of Lay Evidence</u>

Plaintiff argues that the ALJ gave insufficient reasons for rejecting the lay witness statements of Ms. McCraw and N. Harvey. Specifically, with regard to Ms. McCraw, plaintiff argues that the ALJ selected only the portion of Ms. McCraw's statement that dealt with plaintiff's specific activities and disregarded her statements that described her difficulties in performing those activities. Pl.'s Br. 19. Plaintiff also argues that the ALJ disregarded the observations of SSA interviewer N. Harvey, who observed [plaintiff] having difficulty sitting and standing, in obvious pain and walk[ing] with a limp." Pl.'s Br. 19.

The ALJ reviewed Ms. McCraw's July 2010 function report and found that "it is generally consistent with the [RFC]" he ultimately adopted. Tr. 29. Specifically, the ALJ pointed to portions of Ms. McCraw's report, which indicated that plaintiff "is able to take care of her own personal grooming, cook meals, clean the house, and work in the garden, as long as she takes breaks." Tr. 29, 243-44. The ALJ also noted that Ms. McCraw stated that plaintiff "can no longer lift fire wood for campfires, so she can no longer camp, and she has problems with lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, and stair climbing." Tr. 29, 246-47.

The RFC the ALJ adopted limited plaintiff to light work and required that she be able to shift positions at will, sit for no

10 - OPINION AND ORDER

more than thirty minutes at a time and for no more than six hours in an eight hour day, walk or stand for no more than four hours in an eight hour day, and lift no more than ten pounds frequently or twenty pounds occasionally. Tr. 26. The ALJ did not consider the observation of N. Harvey.

Lay testimony as to a claimant's symptoms is competent evidence which the Commissioner must take into account. Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993). The ALJ must give specific reasons for discounting the testimony of lay witnesses regarding a claimant's physical condition, as lay witnesses often can tell whether someone is suffering or merely malingering. Dodrill, 12 F.3d at 919.

To reject lay evidence, the ALJ "must give reasons that are germane to each witness." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). However, "in interpreting the evidence and developing the record, the ALJ does not need to discuss every piece of evidence." Howard Ex Rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003). "[W]here the ALJ rejects a witness's testimony without providing germane reasons, but has already provided germane reasons for rejecting similar testimony, [a court] cannot reverse the agency merely because the ALJ did not 'clearly link his determination to those reasons.'" Molina v. Astrue, 674 F.3d 1104, 1121 (9th Cir. 2012), quoting Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001). Finally, reviewing courts "may not reverse an

11 - OPINION AND ORDER

ALJ's decision on account of an error that is harmless." <u>Molina v. Astrue</u>, 674 F.3d, 1104, 1111 (9th Cir. 2012).

Here, I reject plaintiff's argument that the ALJ selected only the portion of Ms. McCraw's testimony that deals with plaintiff's specific activities, while disregarding testimony that describes her difficulties in performing those activities. The record indicates that the ALJ took into consideration Ms. McCraw's statements that plaintiff is no longer able to camp or lift firewood for campfires, as well as Ms. McCraw's opinions regarding plaintiff's physical limitations. The record further indicates that the ALJ found Ms. McCraw's statements and opinions to be generally consistent with the RFC he ultimately adopted. Consequently, the ALJ gave sufficient reasons for rejecting the lay testimony of Ms. McCraw.

The ALJ's failure to address N. Harvey's observations was harmless because the pain behavior observed by N. Harvey was similar to that observed by Dr. Selinger, which the ALJ found inconsistent with the objective medical evidence. Further, the RFC the ALJ ultimately adopted incorporated many of the limitations supported by Dr. Selinger. Consequently, the ALJ's failure to discuss N. Harvey's observation constitutes harmless error, at most.

IV. <u>Impairment Severity at Steps Two, Four and Five</u>

Plaintiff argues that the ALJ erred at step two by improperly

12 - OPINION AND ORDER

disregarding Dr. Selinger's opinion that her progressive osteoarthritis impaired her ability to sit, stand, walk, and lift weight, as well as Ms. Degan's opinion that her previous pelvic fractures and right knee insatiability posed similar limitations. Pl.'s Br. 10, 20; Tr. 291-92. Plaintiff also argues that the ALJ erred at steps four and five by improperly disregarding the functional limitations assessed by Dr. Selinger and Ms. Degan and as such, failed to develop a proper RFC. Pl.'s Br. 20.

Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). However, physicians may provide opinions on the ultimate issue of disability, for example, whether a claimant is capable of any work, given the claimant's limitations. Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001). The RFC is the maximum a claimant can do despite her limitations. See 20 C.F.R. § 404.1545(a). Only limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the vocational expert. Osenbrock v. Apfel, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

As discussed above, the ALJ did not err in discrediting the opinions of Dr. Selinger. Accordingly, plaintiff's argument, which is contingent upon a finding of error on this issue, is without merit. Bayliss, 427 F.3d at 1217-18; Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175-76 (9th Cir. 2008). Consequently, the ALJ's

13 - OPINION AND ORDER

RFC and step five findings are upheld.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 5th day of November, 2014.

_____
Ann Aiken
United States District Judge

14 - OPINION AND ORDER